PER CURIAM.
This is the third appeal in this case, which began as a suit to collect three notes. On the last appeal we reversed the trial court’s judgment and remanded the cause for entry of judgment consistent with this Court’s opinion, 465 So.2d 1118. On remand, the plaintiffs below filed a motion on March 29, 1985, in the trial court to have judgments entered pursuant to this Court’s opinion. A copy of the motion was served on the defendant, and the court entered an order setting the matter for a hearing to be held on April 16, 1985. The hearing was held, and oral evidence was taken. At the conclusion of the hearing, the trial court entered its judgment in favor of the plaintiffs. The defendant appeals.
The record indicates that the defendant was served with a copy of the motion, but it does not indicate that he appeared at the hearing. The plaintiffs, appellees here, assert that he did not, and they have filed a motion to dismiss the appeal, which has been submitted with the appeal on the merits. Because we affirm the judgment of the trial court, we need not address the merits of the motion.
The appellant earnestly insists that our previous opinions failed to address his contentions that the plaintiffs’ claims were barred by the doctrine of promissory estop-pel or, alternatively, that Thrash by operation of law became a surety on the notes instead of a principal. We have read all of the testimony presented in two trials of this case, and neither of these defenses is established by the evidence.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON, SHORES, BEAT-TY and HOUSTON, JJ., concur.
JONES and ADAMS, JJ.,. not sitting.